UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GREAT AMERICAN ASSURANCE COMPANY, | ) ) ) |
| *Plaintiff*, | ) ) ) Civil Action No. SA-10-CV-353-XR |
| VS. | ) ) |
| CHRISTOPHER WILLS, ZURICH AMERICAN INSURANCE COMPANY, VENTURE TRANSPORT LOGISTICS, LLC, GERALD MULDER, and CARLA MULDER, | ) ) ) ) ) ) |
| *Defendants*. | ) ) |

**ORDER**

On this date, the Court considered Plaintiff's Motion for Default Judgment Against Defendant Christopher Wills (Docket Entry No. 27), and Defendant Zurich American Insurance Company's Opposition to the motion (Docket Entry No. 31). For the following reasons, the motion is DENIED.

**Background**

On July 23, 2008, Defendant Gerald Mulder filed suit in the 224th Judicial District of Bexar County, Texas seeking tort damages for alleged bodily injury and property damage resulting from a motor vehicle accident on May 18, 2008. On May 5, 2010, Plaintiff Great American Assurance Company ("Great American") filed suit in this Court seeking a declaratory judgment that its Policy No. ATP 926218-00 issued to Christopher Wills ("the Great American Policy") provides no coverage for the claims asserted in the tort lawsuit, and that Wills is instead a permissive user of a

covered automobile under Policy No. TRK 9137810-00 issued by Zurich to Venture ("the Zurich Policy.")[1]

On September 24, 2010, Great American moved for and the clerk filed an entry of default against Wills.[2] Defendant Zurich American Insurance Company ("Zurich") filed an opposition to the motion for default judgment on October 4, 2010.[3] Zurich argues that an adjudication of Great American's duty to defend and duty to indemnify is premature while the underlying tort lawsuit is still pending, and that a default judgment against Wills cannot bind the other parties to the suit.

## Analysis

Plaintiffs asks the Court to enter default judgment against Defendant Walter, and to direct entry of that judgment under Rule 54(b), which provides that "[w]hen an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay*." FED. R. CIV. P. 54(b) (emphasis added).

The Court notes that, as a general rule, "when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." 10A Charles A. Wright et al., FED. PRAC. & PRO. § 2690. The leading Supreme Court case, *Frow v. De La Vega*, states:

---

[1] Docket Entry No. 1.

[2] Docket Entry Nos. 25 and 26.

[3] Docket Entry No. 31.

> [I]f the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

*Id.* at 554. This rule has been extended to situations in which several defendants have closely related defenses. *Id.*; *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001); *see also Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (allowing defaulting defendants to benefit from the favorable ruling on the appearing party's summary judgment motion because it would be "'incongruous' and 'unfair' to allow some defendants to prevail, while not providing the same benefit to similarly situated defendants").

Here, the Defendants to Great American's declaratory judgment action have closely related defenses, and would be prejudiced by entering default judgment against Wills at this time. Great American's claim that it has no duty to defend or indemnify Wills in the tort lawsuit is directly tied to its claim that Wills is covered instead under the Zurich Policy. Zurich has provided a defense to Wills in the underlying lawsuit, and thus has potential rights against Great American relating to the issue of coverage under the Great American Policy. Furthermore, Gerald and Carla Mulder are potential judgment creditors of Wills in the underlying tort lawsuit. A default judgment against Wills at this time could be inconsistent with judgments eventually rendered against the remaining defendants, whose rights and defenses are closely tied to and affected by the claim that Great American has no duty to defend and or indemnify Wills.

The remaining parties would be prejudiced by entering default judgment against Wills at this

time. Therefore, there is "just reason" to delay entry of judgment against Wills until all issues and liabilities regarding the other Defendants have been determined. *See Vick v. Wong*, 263 F.R.D. 325, 332 (E.D. Va. 2009).

## Conclusion

Plaintiff's Motion for Default Judgment against Defendant Christopher Wills (Docket Entry No. 27) is DENIED WITHOUT PREJUDICE.

It is so ORDERED.

SIGNED this 12th day of October, 2010.

_____

XAVIER RODRIGUEZ

UNITED STATES DISTRICT JUDGE