IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GREAT AMERICAN ASSURANCE COMPANY, <br><br> *Plaintiff,* <br><br> v. <br><br> CHRISTOPHER WILLS, ZURICH AMERICAN INSURANCE COMPANY, VENTURE TRANSPORT LOGISTICS, LLC, GERALD MULDER and CARLA MULDER, <br><br> *Defendants.* | § § § § § § § § § § § § § §   Civil Action No.  SA-10-CV-353-XR |

## ORDER

On this day, the Court considered Defendant Zurich American Insurance Company's Motion to Dismiss Pursuant to Rule 12(c) (Doc. No. 62). For the following reasons, the Court GRANTS the Motion.

### I. Background

**A. Factual Background**[1]

This case involves a dispute between two co-primary insurers, Great American Assurance Company ("Great American") and Zurich American Insurance Company ("Zurich"), over the handling of a claim against their mutual insured. In 2009, the two insurers had an opportunity to settle a claim against their insured but Zurich refused to tender its pro

---

[1] A detailed factual summary is provided in the Court's Order issued on July 24, 2012 (Doc. No. 61). To avoid unnecessary repetition, only a brief summary of the facts is provided in this opinion.
[2] To avoid unnecessary discussion, only the procedural history most relevant to this opinion is summarized here.
[3] Because the motion was filed after Zurich had already filed an answer, the Court construed the motion pursuant

1

rata share of the settlement demand because it considered the demand to be excessive at the time. Since Great American's insurance policy limit was insufficient to meet the settlement demand alone, the case proceeded to trial and a judgment was ultimately entered against the insured that forced both insurers to exhaust their policy limits. Great American contends that it is entitled to reimbursement from Zurich for the amount that Great American had to pay in excess of its pro rata share of the settlement demand.

## B. Procedural Background[2]

Zurich filed a motion to dismiss Great American's claims on March 15, 2012. (Doc. 51).[3] The Court granted the motion in part, dismissing Great American's common law claims against Zurich, but denied the motion in part after finding that Great American's claim under the Texas Insurance Code, although it appeared to be unavailing, could not properly be dismissed because Great American was not given sufficient notice that the claim was subject to dismissal. (Doc. No. 61). Zurich subsequently filed this Motion to Dismiss Pursuant to Rule 12(c) (Doc. No. 62) asking the Court to dismiss Great American's remaining claim under the Texas Insurance Code. The Court now considers Zurich's motion. Great American has yet to file a response to the motion and the filing deadline has passed.

## II. Standard of Review

The standard for evaluating 12(c) motions is the same as the standard for evaluating 12(b)(6) motions. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). In considering a motion to dismiss under 12(b)(6) or 12(c), all factual allegations from the complaint should be taken as true. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993).

---

[2] To avoid unnecessary discussion, only the procedural history most relevant to this opinion is summarized here.
[3] Because the motion was filed after Zurich had already filed an answer, the Court construed the motion pursuant to Federal Rule of Civil Procedure 12(c). *See* Order, July 24, 2012 (Doc. No. 61).

Additionally, the facts are construed favorably to the plaintiff. *Id.* Courts may look only to the pleadings in determining whether a plaintiff has adequately stated a claim; consideration of information outside the pleadings converts the motion to one for summary judgment. FED. R. CIV. P. 12(d). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Factual allegations must be sufficient to "raise a right to relief above the speculative level." *Id.* at 556, 127 S. Ct. 1955. A well-pleaded complaint can survive a motion to dismiss even if actual proof of the facts alleged is "improbable." *Id.*

### III. Analysis

Great American claims that Zurich's refusal to pay its pro rata share of the settlement demand violated section 542.003(b)(4) of the Insurance Code because Zurich "failed to attempt in good faith 'to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear.'" Am. Compl. ¶ 27 (Doc. No. 44) (quoting Tex. Ins. Code Ann. § 542.003(b)(4)). Great American contends that Zurich's violation of section 542.003 supports a private cause of action for recovery of damages and attorneys' fees pursuant to section 541.152(a)(1) of the Insurance Code. Am. Compl. ¶ 31 (Doc. No. 44).

In its Order handed down on July 24, 2012, the Court explained its concerns with Great American's claim under the Texas Insurance Code. Specifically, the Court noted that it was not clear that section 542.003 supports a private cause of action because the language of the Code,[4] its legislative history,[5] and court interpretations of the Code[6] suggest that only the

---

[4] The Court noted that section 542.003 lies in Subchapter A of Chapter 542, and Subchapter A's enforcement provision makes no reference to a private cause of action but rather grants regulatory authority to the Texas Department of Insurance. Order, July 24, 2012 (Doc. No. 61) (citing Tex. Ins. Code Ann. § 542.010(a)-(d)).

3

Texas Department of Insurance can bring a claim under section 542.003. *See* Order 19 & nn.20-22 (Doc. No. 61). Additionally, the Court noted that even if a private cause of action were allowed, a cause of action would likely not be available to Great American in this case because the obligations imposed by the Texas Insurance code are "engrafted onto the contract between the insurer and insured and are extra-contractual in nature." *See id.* at 20 (quoting *Allstate Ins. Co. v. Watson*, 876 S.W.2d 145, 149 (Tex. 1994)).[7] The Court explained that a third party claimant has "no basis upon which to expect or demand the benefit of the extra-contractual obligations imposed on insurers" under the Insurance Code because a third party claimant has no contractual or legal relationship with the insurer and has not paid any premiums. *Id.* (quoting *Watson*, 876 S.W.2d at 149). Since Great American brings its claim against Zurich as a third party to Zurich's contract with the insured, and since Great American cannot assert any of the insured's rights in subrogation against Zurich,[8] the Court reasoned that

---

[5] Section 542.003 was formerly codified in Article 21.21-2 of the Texas Insurance Code, and no substantive changes were intended when the Texas legislature recodified the law. *See* H.B. 2922, 78th Leg., Reg. Sess. § 27 (Tex. 2003) ("This Act is intended as a recodification only, and no substantive change in law is intended by this Act."). Section 8 of former Article 21.21-2 provided that "The State Board of Insurance is authorized and directed to issue such reasonable rules and regulations as may be necessary to carry out the various purposes and provisions of this Act, and in augmentation thereof." Unfair Claim Settlement Practices Act, Tex. Ins. Code Ann. art. 21.21-2, § 8 (effective until March 31, 2005). Article 21.21-2 made no reference to a private cause of action.

[6] *See Citibank Tex., N.A. v. Progressive Cas. Ins. Co.*, No. 3:06-CV-0395-H, 2006 WL 3751301, at *8 (N.D.Tex. Dec. 21, 2006) (citing *Am. Physicians Ins. Exch. v. Garcia*, 876 S.W.2d 842, 847 & nn.10-11) ("As for [the plaintiff's] pleaded claim under section 542.003 of the [Texas] Insurance Code, that provision (formerly Article 21.21-2, § 2(b)) allows enforcement by the State Board of Insurance but does not create a private cause of action."), *rev'd on other grounds*, 522 F.3d 591 (5th Cir. 2008). Furthermore, two Texas Supreme Court cases imply that that the Texas Insurance Code remedy, along with any other statutory remedy, is unavailable to Great American in this case. *See Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co.*, 236 S.W.3d 765, 772 ("Because no statute applies in the third party context, the scenarios are matters of common law contract and tort."); *Am. Centennial Ins. Co. v. Canal Ins. Co.*, 843 S.W.2d 480, 485-86 (Hecht, J., joined by Phillips, C.J., and Gonzalez, Cook and Cornyn, JJ., concurring) (reasoning that negligence was the only cause of action an excess insurer could assert against a primary insurer in subrogation).

[7] As the Court mentioned in its July 24 Order, the *Watson* court was analyzing article 21.21, section 16 of the Texas Insurance Code, which is currently codified at sections 541.151-541.162 of the Insurance Code. *See* H.B. 2922, 78th Leg., Reg. Sess. (Tex. 2003). No substantive changes were intended when the law was recodified. *Id.* § 27.

[8] In its Order dismissing Great American's common law claims, the Court found that Great American could not assert any of the insured's claims against Zurich in either contractual or equitable subrogation. The Court found

Great American would not have standing to assert a claim against Zurich for a violation of section 542.003.

Great American has not offered any arguments to refute the Court's rationale. Nor has Great American offered any statutory law, case law or legal theories in support of its claim. Consequently, the Court finds that Great American's claim under the Texas Insurance Code must fail because the section of the Code that Great American cites does not support a private cause of action and, even if it did, it would not afford Great American a private cause of action in this case.

### IV. Conclusion

Because Great American's claim under the Texas Insurance Code cannot plausibly entitle Great American to relief, the Court finds that Zurich's Motion to Dismiss Pursuant to Rule 12(c) (Doc. No. 62) must be GRANTED. Accordingly, Great American's claim under the Texas Insurance Code is DISMISSED.

It is so ORDERED.

SIGNED this 10th day of September, 2012.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

that contractual subrogation was precluded because neither Great American nor Zurich disputed coverage, and because both of their contracts with the insured contained pro rata clauses. *See* Order 10-11 (Doc. No. 61). The Court found that Great American could not bring a claim against Zurich under a theory of equitable subrogation because Great American was seeking reimbursement for money it paid to satisfy a debt for which it was primarily liable. *Id.* at 13.